**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY DONALD HANNEMAN, | No. 10-15835 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-00284-ECR-VPC |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF NEVADA and ROBERT LEGRAND, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted November 6, 2012
San Francisco, California

Before: FARRIS, FERNANDEZ, and BYBEE, Circuit Judges.

We are familiar with the record. We do not ignore Hanneman's arguments nor do we ignore the sentence now faced by Hanneman. Our charge, though, is to resolve the legal questions presented.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hanneman made a confession that justified his conviction and his conviction justified his sentence. He argues that he was in custody at the time and that he was not given his *Miranda* warnings.

The record provides a detailed analysis of the circumstances surrounding his interview. We consider whether a reasonable person, under the totality of the circumstances, would have felt free to end the interrogation and leave. *Howes v. Fields*, 132 S. Ct. 1181, 1189 (2012).

Hanneman voluntarily agreed to the interview, drove his own vehicle to the site, was not restrained, and was told that he was not under arrest and could leave at any time.

The state court applied the totality of the circumstances test and took into account "the age of the accused, education and intelligence level of the accused, police advisement of the accused's constitutional rights, length of detention, nature of questioning, and use of any physical punishment." The court ultimately concluded that Hanneman was not in custody at the time of his pre-*Miranda* confession and that this confession was not coerced, determining that he was "coherent, well educated, . . . not under the influence of any substance affecting his mental capacities . . . [, and] was also aware of his rights, having taken courses in law and criminal justice at the University of Nevada." *Id.* Hanneman fails to

demonstrate that the state court unreasonably applied clearly established Federal law. The court analyzed all of the circumstances surrounding Hanneman's interview and, based on its analysis, concluded that he was not in custody and his confession was not coerced. Hanneman argues that the officers' interviewing tactics–including telling him that they would need to interview fewer children if he confessed–and his ignorance about his constitutional rights mandate a finding that his confession was coerced. Neither point is dispositive under the applicable totality of the circumstances test. Hanneman has failed to meet the AEDPA's rigid standard for granting habeas relief: that "fairminded jurists could [not] disagree" on what the outcome should have been. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Similarly, the state courts could properly determine that the advice Hanneman received while in custody sufficiently informed him of his rights for the purpose of his second interview.

Hanneman also fails to show that the state court unreasonably determined the facts based on the record presented.

Our inquiry is whether the state court's decision was so flawed that Hanneman is entitled to habeas relief. It was not. There was also no unreasonable application of clearly established federal law.

We must deny the request for relief.

3

**AFFIRMED.**